UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00160-FDW-DSC

| | |
|---|---|
| BRADLEY G. CRUMP, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>THE PNC FINANCIAL SERVICES )<br>GROUP, INC., AND PNC BANK N.A., )<br>)<br>    Defendants. )<br>) | ORDER |

THIS MATTER is before the Court on Plaintiff Bradley G. Crump's Motion for Entry of Default (Doc. No. 11). The facts supporting the motion are not in dispute. Upon service of summons and the complaint, counsel for Defendant obtained an extension of time, until May 17, 2018, to file a responsive pleading. On May 17, 2018, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On July 3, 2018, Plaintiff filed its motion requesting default on the grounds that Defendants had yet to file a responsive pleading. On July 5, 2018, Defendants' filed an answer to Plaintiff's complaint.

Fed. R. Civ. P. 55(a) provides: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." However,

> where a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on the merits. In the final analysis, default judgments are not favored in the law, and the entry of such a judgment is only appropriate where there has been a clear record of delay or contumacious conduct.

Wendt v. Pratt, 154 F.R.D. 229, 230 (D. Minn. 1994) (internal quotation marks and citations omitted) (cited in 10A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 2682 (3d ed. 2006)).  Applying these same principles to the facts at bar, the Court finds no justification for entry of default against the Defendants, especially where Plaintiff is in actual receipt of the answer, has suffered no obvious prejudice from the *de minimis* delay, and granting an entry of default would unfairly punish the Defendants.

IT IS THEREFORED ORDERED that Plaintiff Bradley G. Crump's Motion for Entry of Default (Doc. No. 11) is hereby DENIED, and Defendants' late answer is accepted by the Court.

IT IS SO ORDERED.

Signed: July 31, 2018

Frank D. Whitney
Chief United States District Judge